27 C.C.P.A. (Patents)

### SCHEINMAN v. ZALKIND.

Patent Appeals No. 4333.

Court of Customs and Patent Appeals.

July 1, 1940.

Rehearing Denied Sept. 30, 1940.

Jennings Bailey, Jr., of Washington, D. C. (Joseph Hirschman, of Chicago, Ill., of counsel), for appellant.

Samuel Ostrolenk, of New York City (Sidney G. Faber and Orville N. Greene, both of New York City, of counsel) for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Examiner of Interferences of the United States Patent Office awarded priority of invention defined by the single count of this interference to the senior party Zalkind and upon appeal to the Board of Appeals his decision was affirmed. Scheinman has appealed here for a reversal of the board's decision.

The interference is between an application of Zalkind, filed October 16, 1933, and an application of Scheinman, filed September 18, 1936.

The inventions of both parties relate to collapsible filing cabinets which are made substantially of fibrous board. Both parties provide metallic parts such as frames for holding the parts together and rollers and tracks for the purpose of permitting the drawers of the casings to slide in and out of their enclosures. Both parties were concerned with such receptacles or filing equipment, including transfer and storage files, as would be suitable for receiving and storing correspondence, papers and other articles which would be of the drawer and casing type and which could be supplied to the user in knocked-down or collapsed condition to be afterwards assembled and erected by the purchaser.

The count was claim 56 of the application of the senior party Zalkind. Appellant has divided the count into its component elements and for convenience in referring to certain clauses therein contained we reproduce it as it appears in appellant's brief:

"3. A collapsible cabinet comprising the combination of

"(1) a drawer section of a substantially fibrous board structure foldable into a substantially flat arrangement;

"(2) a casing section of a substantially fibrous board structure for enclosing said drawer section, and foldable into a substantially flat arrangement;

"(3) roller mechanism associated with one of said sections for slidably supporting said drawer within said casing when said sections are in assembled condition;

"(4) reinforcing means secured to said one section for carrying said roller mechanism,

"(4a) whereby said one section is foldable into said substantially flat arrangement with said roller mechanism and reinforcing means attached thereto,

"(4b) with negligible additional thickness being required for said flat arrangement;

"(5) and track mechanism for coasting with said roller mechanism mounted on the other of said sections, and adapted to strengthen said section,

"(5a) whereby said other section is foldable into said substantially flat arrangement with said track mechanism mounted thereon."

Neither side took testimony and during the motion period appellant moved to dissolve the interference on the following grounds:

1. That he [Scheinman] is not entitled to make the count in issue.

2. The party Zalkind is not entitled to make the count in issue.

3. That if the count is construed so broadly as to read upon Scheinman, it is unpatentable over the prior art.

4. That there has been such informality in declaring the interference as will preclude the proper determination of the question of priority of invention.

In this court, appellant raises two questions: (1) Zalkind is not entitled to make the count in issue; (2) informality in declaring the interference.

The Primary Examiner found against Scheinman on all his contentions and the Examiner of Interferences rendered a *pro forma* decision in favor of Zalkind, the senior party.

The Board of Appeals decided the two questions which were presented to it for decision: (1) The right of Zalkind to make the count; (2) the allegation that the count was functional and misleading. On the first question the board said:

"In connection with the first ground Scheinman urges that Zalkind cannot make the count because it recites that the drawer section and also the casing section are 'foldable into substantially flat arrangement' and because the last part of the count requires that 'said other section is foldable into said substantially flat arrangement with said track mechanism mounted thereon.'

"Scheinman states that the count is properly readable on his application No. 101,444 where the tracks lie within the wall body so that when the casing is collapsed the side, top and bottom wall will engage and the arrangement will be a flat one. He urges that in Zalkind the tracks will lie between the opposite walls when the drawer or casing section is collapsed and therefore the arrangement of the collapsed structure is not substantially flat.

\* \* \* \* \* \* \* \* \*

"Count 3 includes the following limitation 'a casing section of a substantially fibrous board structure for enclosing said drawer section *and foldable into substantially flat arrangement.*'

"In both the Scheinman and Zalkind constructions the walls of the casing are separated by a space equal to the thickness of the roller or the track section. In both applications the collapsed casing is referred to as being substantially flat. It is our view that this part of the count is fairly readable on the Zalkind construction as we regard it as being substantially flat when collapsed. We also regard the two whereby clauses in the count as being readable on the Zalkind application because we think it is proper to state that each section is foldable into substantially flat arrangement even though a roller or a track is mounted on the inside walls of the section and will separate the walls to some extent."

On the second question raised with reference to the count being functional and misleading, the board had the following

to say: "The second ground of Scheinman's motion to dissolve alleged that the count is functional and misleading. Scheinman urges that the only difference defined over the prior art resides in the whereby clauses in it and that it is improper to define the invention in this manner. He urges that the structure whereby the results stated in the whereby clauses are achieved must be stated, and that if this structure is recited, it is proper to add the whereby clauses. The examiner held that the whereby clauses set forth structural limitations. It is no doubt true that ordinarily a whereby clause is generally used to merely set forth the results achieved by the structure included. This is no doubt the preferable mode of drawing claims. In many instances, however, the whereby clauses are used instead of such expressions as *means for accomplishing certain results.* Where it is clear what the claims cover it is not so vital how the claims are worded. We think that in the present case the meaning of the count is clear and that the whereby clauses can properly be regarded as structural limitations. At the present stage of the interference is it particularly improper to resort to some technicalities in holding the count to be functional and misleading. We are not disposed to do so. The party Zalkind who presented the count at the hearing stated that the count was not drawn in the best possible way but he urged that its meaning was clear. It is our view that it is. We fail to find that the count is functional and misleading as is urged by the party Scheinman. We fail to find that there has been such informality in declaring the interference as will preclude the proper determination of priority of invention."

In this court appellant argues at great length that whatever novelty the count possesses is defined in the "whereby" clauses designated in the count, as copied herein, as phrases 4a, 4b, and 5a. He argues that the "whereby" clauses are not structural limitations and that the language in said "whereby" clauses is so vague and indefinite that no judgment of priority of invention can properly be based thereon. He urges that the term "substantially flat arrangement" has no definite meaning since the degree of flatness would be affected by the rollers in the casing and the track mechanism on the drawer; that the board ignored the limitation notwithstanding it being the appellant's view that the substantially flat arrangement was by Zalkind meant to describe a flat arrangement which would result from the rollers being removed. Appellant also urges that the term "negligible additional thickness" in clause 4b is equally indefinite.

We are in agreement with the decisions reached by the tribunals below. It seems too plain to require extended argument or discussion that the Zalkind structure, notwithstanding the thin tin or metallic rollers, tracks and other metal portions, folds into a substantially flat position. There is no limitation in the claim as to how flat it must be, and appellant seems to argue that it should be flat in the sense that his structure is flat when in a folded position. The count did not originate with appellant and we are of the opinion that the Zalkind structure supports the count. The board held that "In many instances, however, the whereby clauses are used instead of such expressions as *means for accomplishing certain results.*" (Italics quoted.)

We agree with the board that the particular clauses involved here are structural in character and import into the count the structural features which both parties sought to produce. While other language could have been used which might have been clearer, it is not thought that the questioned clauses are merely functional or that the count as a whole is misleading.

Before the board, appellant abandoned its contention that he could not make the count and he makes no such contention here.

He argues at length to the effect that the count is invalid and is not patentable. This is not a matter with which we are here concerned but is one for *ex parte* consideration in the Patent Office.

We find no other question raised by appellant which requires consideration by us. Since we agree with the decision of the Board of Appeals which affirmed that of the Examiner of Interferences in awarding priority of the invention defined by the count to the senior party Zalkind, it should be, and it is, affirmed.

Affirmed.